LILLIE HORNE, plaintiff in error, vs. JOHN WOOLFOLK and THOMAS J. WOOLFOLK, executors, defendants in error.

When Woolfolk executed a lease to Horne of a part of a city lot for the term of ten years, and subsequently Woolfolk, being the owner in fee of the whole lot, executed another lease of the whole lot to Mason & Dibble for the term of ten years, subject to the lien and incumbrance of the prior lease made to Horne:

*Held*, That the execution of the second lease of the whole lot to Mason & Dibble, subject to the lien and incumbrance of the prior lease made to Horne for a part of the lot, without more, did not make Woolfolk an executor *de son tort*, and liable to the heir-at-law of Horne, although the second lease was executed to Mason & Dibble after the death of Horne.

New Trial. Lease. Executor *de son tort*. Before Judge ROBINSON. Jones Superior Court. October Term, 1871.

For the facts of this case, see the opinion.

J. RUTHERFORD; J. H. BLOUNT, for plaintiff in error.

WHITTLE & GUSTIN; LANIER & ANDERSON, for defendants. 1st. Verdict void for uncertainty: Code, sec. 3501; 8 Ga. R., 201; 17 *Ibid.*, 361. 2d. New trial granted; only in case of abuse of discretion will the judgment be reversed: 42 Ga. R., 64; 40 *Ibid.*, 91; 36 *Ibid.*, 321, 604. 3d. Possession taken by person claiming lien, not liable: 1 Williams on Ex'rs, 229; 1 Devereux, 25; 5 Ala., 31. 4th. Executor *de son tort*, what constitutes: 1 Williams on Ex'rs., 225, 232; 4 Bacon's Abridgment, 27, 32; 2 Blackstone's Com's, 507; 4 McCord, 286; 38. Ga. R., 264. 5th. Before the adoption of the Code an executor *de son tort* was not liable to distributees: 4 Bacon's Abridgment, 32, note(o); 2 Murphey, 335; 5 Monroe, 521; 3 P. Wm's, 348.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendants as executors of their deceased testator, alleging

that their testator, in his lifetime, became liable to the plaintiff as an executor *de son tort* of the estate of F. Horne. The plaintiff sues as the heir and distributee of F. Horne. On the trial of the case the jury found a verdict in favor of the plaintiff for the sum of $4,669.50. A motion was made for a new trial on several grounds, which was granted by the Court on the ground that the Court erred in its charge to the jury. Whereupon, the plaintiff excepted.

It appears from the evidence in the record that Thomas Woolfolk, the defendant's testator, on the 12th of July, 1844, executed a lease to F. Horne of a part of a city lot in the city of Macon for the term of ten years, for the sum of $1,000—the payments to be made in ten annual installments of $100 each—the buildings put on the lot by Horne to be removed by him after payment of all the rent due at the expiration of the lease. Horne put a building on that part of the lot leased by him and occupied the same until his death, leaving six years and eight months of the lease unexpired at the time of his death, but had not paid the rent for the time he occupied the premises. After the death of Horne, to-wit: on the 12th of August, 1848, Thomas Woolfolk, the defendant's testator, who was the owner in fee of the whole lot, executed a lease of the same to Mason & Dibble for the term of ten years, for the annual rent of $120, to be paid quarterly, subject to the incumbrance of the lease made to Horne, which was specially referred to in the last named lease, and covenanted "that said Mason & Dibble should lawfully and peaceably enjoy the same, subject to the said lien and incumbrance of said lease to the said Ferdinand Horne hereinbefore mentioned."

It is claimed that because Mason & Dibble took possession of that part of the lot leased to Horne, and occupied the same under the lease of Woolfolk to them, that therefore Woolfolk was liable to the plaintiff as an executor *de son tort.* Such is not our understanding of the law. Whether Mason & Dibble would have been liable to the plaintiff as executors *de son tort* was not the question before the Court; but the

Horne *vs.* Woolfolk.

question before the Court was whether the execution of the lease to them of the whole lot, subject to the incumbrance of Horne's lease on a part of it, by Woolfolk, made him an executor *de son tort* under the law. What acts will constitute an executor *de son tort?* If one man takes the goods of the deceased and sells, or gives them to another, this shall charge him as an executor in his own wrong, but not the one to whom the goods are sold or given. So if a man has some color to intermeddle with the goods of an intestate, but exceeds his authority, that makes him executor *de son tort.* Wiley *vs.* Truett, 12th Georgia Reports, 589. Woolfolk did not sell, or give Horne's lease of part of the lot to Mason & Dibble by his lease to them of the whole lot, but leased it to them subject to Horne's lease thereon; neither did he exceed his authority in leasing the whole lot to them, subject to the incumbrance of the lease which he had previously made to Horne for part of the lot. In executing the lease of the whole lot to Mason & Dibble, Woolfolk did not pretend or attempt to lease or interfere with that part of the lot previously leased by him to Horne. Mason & Dibble acquired no right to the possession of that part of the lot covered by Horne's lease, under the lease made by Woolfolk to them, and the execution of that lease, without more, did not constitute him an executor *de son tort* as to the part of the lot covered by Horne's lease, and the Court should have so instructed the jury. In our judgment, this case was not fairly submitted to the jury, there was manifest error in the charge of the Court, which was properly corrected in granting a new trial.

Let the judgment of the Court below be affirmed.